UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>HAY THI LE, et al.,<br>DEP THI LE, et al.,<br>MICHAEL LY, et al.,<br><br>              Defendants. | CASE NO. CR11-5619 BHS<br>           CR11-5620 BHS<br>           CR12-5001BHS<br><br><br>ORDER DENYING MOTIONS TO SUPPRESS |

This matter comes before the Court on All Defendants' motion to suppress (CR 11-5619, Dkt. 164; CR11-5620, Dkt. 140; CR 12-5001, Dkt. 98) and individual defendants' motions to suppress (CR 11-5619, Dkt. 155, 159, 161, 162, 212, & 213; CR11-5620, Dkt. 136, 138, 142, 145, 146, 190, & 191; CR 12-5001, Dkt. 100, 111, 113, 114, 136, & 161).  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

In December 2011 and January 2012, the Government filed three indictments charging numerous defendants with conspiracy to manufacture marijuana. On July 3, 2012, All Defendants filed a motion to suppress asserting various grounds for suppression. CR11-5620, Dkt. 140 ("Global Motion"). On July 31, 2012, the Government responded. CR11-5619, Dkt. 175. On August 10, 2012, All Defendants replied. Dkt. 180.

Individual defendants also filed motions to suppress based on curtilage violations at specific residences. CR 11-5619, Dkt. 155, 159, 161, 162, 212, & 213; CR11-5620, Dkt. 136, 138, 142, 145, 146, 190, & 191; CR 12-5001, Dkt. 100, 111, 113, 114, 136, & 161.

On September 4–6, 2012, the Court held a hearing on the various motions including the Global Motion. *Id*., Dkts. 190, 195, & 199.

On November 6, 2012, the Court requested supplemental briefing on the application of Washington's medical marijuana law. Dkt. 226. On November 23, 2012, All Defendants filed a brief (Dkt. 228) and the Government filed a brief (Dkt. 229). On November 30, 2012, All Defendants filed a reply. Dkt. 230.

On December 11, 2012, the Court requested additional briefing regarding probable cause to issue each warrant. Dkt. 231. On December 28, 2012, the Government responded. Dkt. 233. On January 4, 2012, All Defendants replied. Dkt. 234.

## II. DISCUSSION

A. **Probable Cause**

"Probable cause exists when, under the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Luong*, 470 F.3d 898, 902 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In *United States v. Leon*, the Supreme Court set out an exception to the exclusionary rule for a search conducted in good faith reliance upon an objectively reasonable search warrant. 468 U.S. 897, 925 (1984). The Court identified four circumstances where exclusion is inappropriate: (1) the issuing magistrate was mislead by the inclusion of knowing or recklessly false information; (2) the issuing magistrate wholly abandoned the detached and neutral judicial role; (3) the warrant is facially deficient as to its description of the place to be searched or the things to be seized; or (4) the affidavit upon which the warrant is based is so lacking in indicia of probable cause that no reasonable officer could rely upon it in good faith. *Id*. at 926.

In this case, even if the affidavits in support of the warrant lacked probable cause, the Court finds that the good faith doctrine applies. With regard to probable cause, All Defendants contend that the Government "concedes" that the affidavit submitted in support of the warrant lacks probable cause to believe that evidence of a crime would be found at a particular place. Dkt. 234 at 1. While there is merit to All Defendants' contention, especially for violations of Washington medical marijuana laws (*see* Dkts. 228, 229, & 230), the Court must also evaluate whether the good faith doctrine precludes exclusion of the evidence obtained during execution of the warrants.

1     With regard to good faith, the Government focuses on the fourth exception while

2 All Defendants contend that the record supports three exceptions to the application of the

3 good faith doctrine.  First, All Defendants contend that "the magistrate did abandon his

4 [judicial] role, by approving an affidavit when, given its nature and his method of review,

5 he could not possibly have evaluated probable cause separately for each residence."  Dkt.

6 211 at 3.  The Court, however, finds that there is nothing in the record which indicates

7 that the issuing judge failed to review the affidavit objectively and in accordance with his

8 understanding of the law.  Therefore, the Court denies All Defendants' motion on this

9 issue.

10     Second, All Defendants contend that Detective Brockus "deliberately or recklessly

11 included false information or omitted material information."  Dkt. 211 at 2.  Specifically,

12 All Defendants argue that

13-17
> In its motion, [All] Defendants show that the affidavit contained numerous misleading statements and recklessly omitted information that created a false impression of the existence of probable cause. These statements or omissions include, but are not limited to: failure to provide comparative power records, providing the magistrate at the time he was considering the affidavit with evidentiary summaries that were only "mostly accurate", failure to tell the magistrate that evidence was obtained through illegal police searches, and inclusion of "thousands of irrelevant facts" that mislead the magistrate as to the weight of the evidence.

18-21
> Since the filing of their motion, [All] Defendants learned of numerous additional factual omissions that further support their claim they are due a *Franks* hearing in these cases. On July 23rd 2012, the Government provided [All] Defendants with numerous police reports never previously disclosed. Included in these reports are evidence of 40 or more failed attempts by officers to obtain evidence of the smell of marijuana at suspected locations. Omitting these failed smell attempts prevented the magistrate from fairly evaluating the staleness of the smell evidence provided him, the accuracy of the smell evidence in general, and the

22

ORDER - 4

> strength of the of evidence supporting a conclusion of probable cause to search any particular residence.

Dkt. 180 at 10–11 (footnote and citations to the record omitted).  The Court held a full hearing in which All Defendants were allowed to flush out the facts of these allegations.  Based on the evidence offered at the hearing and the remainder of the record, the Court finds that there is no factual support for the conclusion that Detective Brockus acted deliberately or recklessly, that the affidavit contained false information, or that Detective Brockus omitted material information.  Therefore, the Court denies All Defendants' motion on this issue.

Third, the Government argues that a reasonable officer could rely upon the warrant in good faith.  The Supreme Court has recently held that "the threshold for establishing this exception is a high one, and it should be." *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1245 (2012).   Moreover,

> "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination" because "[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment."

*Id*. (quoting *Leon*, 468 U.S. at 921).  In light of this precedent, the Court agrees with the Government and finds that the officers could reasonably rely upon the issued warrants.  Therefore, the Court denies All Defendants' motion on this issue.

**B.**     **Curtilage**

The curtilage of one's home warrants the same Fourth Amendment protection as the home itself.  *Oliver v. United States*, 466 U.S. 170, 180 (1984).  However, exclusion

1  of evidence based on a Fourth Amendment violation applies only where the benefit of
2  deterrence outweighs the rule's "'substantial social costs.'" *Davis v. United States*, 131
3  S.Ct. 2419, 2427 (2011) (quoting *Leon*, 468 U.S. at 907).
4      In this case, the Court finds that exclusion is not the proper remedy for the alleged
5  violations of a defendant's curtilage.  With regard to violations, the Government
6  concedes one violation (Dkt. 191 at 11 (residence at 14707 SE 5th Circle)) and the Court
7  finds one other curtilage violation (Dkt. 221 at 16 (residence at 9401 NE 56th Avenue)).
8  Therefore, the Court denies every other motion based on a violation of curtilage.
9      With regard to remedy, the Court finds that extent of the violations do not warrant
10 exclusion of evidence.  At 14707 SE 5th Circle, the police walked into the backyard of
11 the residence to obtain evidence of the odor of marijuana.  Dkt. 191 at 11.  At 9401 NE
12 56th Avenue, the officers walked to the side of the garage wall (the most distant wall
13 from the actual residence) to detect the odor of marijuana.  Dkt. 221 at 16.  The Court
14 finds that neither of these violations are so intrusive to merit exclusion of the evidence
15 obtained during the search of these residences.  Therefore, the Court denies the motion to
16 suppress the evidence obtained at 14707 SE 5th Circle and 9401 NE 56th Avenue.
17 **C.     Racism**
18     Although unclear, All Defendants appear to argue that the Court should suppress
19 the evidence obtained during execution of the search warrants because "[r]acism
20 permeates and poisons the search warrant affidavit."  Global Motion at 26–33.  All
21 Defendants have failed to show that references to the suspects' nationalities were racist or
22

1  that exclusion is an appropriate remedy. Therefore, the Court denies All Defendants'
2  motion on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that All Defendants' motion to suppress (CR 11-5619, Dkt. 164; CR11-5620, Dkt. 140; CR 12-5001, Dkt. 98) and individual defendants' motions to suppress (CR 11-5619, Dkt. 155, 159, 161, 162, 212, & 213; CR11-5620, Dkt. 136, 138, 142, 145, 146, 190, & 191; CR 12-5001, Dkt. 100, 111, 113, 114, 136, & 161) are **DENIED**.

Dated this 9th day of January, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge