UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>MICHAEL LY, et al.,<br><br>             Defendants. | CASE NO. CR12-5001 BHS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Ngheim Nguyen's ("Nguyen") motion for reconsideration of the Court's denial of his motion to suppress (Dkt. 221). The Court has considered the pleadings filed in support of and in opposition to the motion, heard oral arguments of counsel, and considered the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 9, 2013, the Court denied numerous Defendants' motions to suppress evidence. Dkt. 192. One argument for suppression was based on numerous alleged

ORDER - 1

curtilage violations by police officers who were investigating possible crimes before a warrant issued. *Id*.

On March 26, 2013, the Supreme Court issued the slip opinion in *Florida v. Jardines*, 133 S. Ct. 1409 (2013). On April 2, 2013, Nguyen filed the instant motion requesting that the Court reconsider its ruling in light of *Jardines*. Dkt. 221. On April 3, 2013, Defendant Hung Viet Tran filed a memorandum in support of the motion. Dkt. 222. On April 4, 2013, Defendants Michael Ly and Nikki Trang Trieu joined Nguyen's motion. Dkt. 223. On April 5, 2013, Defendant Say Hoang Tran also joined Nguyen's motion. Dkt. 226. On April 15, 2013, the Government responded. Dkt. 230. On April 16 and 17, 2013, Defendants filed replies. Dkts. 231, 232, & 233. On April 18, 2013, the Court held a hearing on the motion and other issues.

## II. DISCUSSION

As a threshold matter, to the extent that the motions or joinders address issues unrelated to *Jardines*, the requests are untimely and the briefs fail to show a manifest error of law. The issues were complicated and the decision was close, but the Court finds that any error in the decision is neither manifest nor clear.

With regard to *Jardines*, Defendants' briefs raise two main questions: (1) does the holding of *Jardines* apply to the facts of this matter, and, if so, (2) should evidence be suppressed? With regard to the first question, it is unlikely that *Jardines* is applicable to the searches conducted at Defendants' residences. *Jardines* ultimately held that the "government's use of trained police dogs to investigate the home and its immediate surroundings is a 'search' within the meaning of the Fourth Amendment." 133 S. Ct. at

1417–1418.  While it is unclear how the Ninth Circuit will interpret this holding, the Tenth Circuit has interpreted it very narrowly.  In *United States v. Shuck*, --- F.3d ----, 2013 WL 1490758 (10th Cir. 2013) the Court reasoned as follows:

> In *Jardines*, the Supreme Court held that the use of narcotics-sniffing dogs on the front porch of a home constitutes a search within the meaning of the Fourth Amendment. *Jardines*, 2013 WL 1196477, at *6. However, *Jardines* can be distinguished from this case because the officers here did not use dogs or other devices to detect the marijuana odor. *See id*. at *8 n. 2 ("If officers can smell drugs coming from a house, they can use that information; a human sniff is not a search, we can all agree.") (Kagan, J., concurring).

2013 WL 1490758 at *5.  *Shuck* supports the Government's argument in this case that *Jardines* only applies to searches that used narcotics-sniffing dogs.  Dkt. 230 at 3. Therefore, because the officers in this case did not use dogs, it appears that there is no reason to reconsider the motion to suppress in light of *Jardines*.

Regardless of the breadth or applicability of *Jardines*, the Court concludes that Defendants would not be entitled to suppression of the evidence obtained by the police officers even if their actions were considered searches under *Jardines*.  In *Davis v. United States*, 131 S. Ct. 2419 (2011), the Supreme Court held that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." *Id*. at 2429.  The parties dispute whether there was binding precedent when the searches were conducted in this case.  The Court acknowledges that, under *Davis*, there is some disagreement whether the law must be binding precedent or merely a body of law addressing the relevant issues.  The Ninth Circuit has not addressed this question.  However, even under the stricter standard, the Court concludes that there was

binding precedent that entering the driveways in this case were not violations of Defendants' curtilage.

It's undisputed that the searches conducted in this case began, at the earliest, in April 2009 and ended in September 2011. *See* Dkt. 98-1 (search warrant affidavit). The Court is aware of two cases that, at the time of the searches, were binding precedent. Those cases are *United States v. McIver*, 186 F.3d 1119 (9th Cir. 1999), and *United States v. Pineda-Moreno*, 591 F.3d 1212 (9th Cir. 2010), *vacated Pineda-Moreno v. United States*,132 S. Ct. 1533 (2012).

In *McIver*, the police officers obtained evidence by placing a GPS tracking device on McIver's vehicle. The vehicle was parked in McIver's driveway when the police approached the vehicle. *McIver*, 591 F.3d at 1126. The driveway and the apron in front of the garage were open to observation from persons passing by, and the driveway was not enclosed by a fence and a gate. *Id*. The Court concluded that a search warrant was not required to enter this portion of his premises because McIver had "failed to demonstrate that he had a legitimate expectation of privacy cognizable under the Fourth Amendment in this portion of his property." *Id*. Although the holding in this case was later overturned based on the use of the GPS device, this was good law when the searches were conducted in the instant matter.

In *Pineda-Moreno*, the Ninth Circuit addressed a similar situation. The facts of *Pineda-Moreno*, however, differ from *McIver* in that "the government [conceded] that Pineda-Moreno's Jeep was parked within the curtilage of his home when the agents

attached the tracking device." 591 F.3d at 1215. The court reasoned and concluded as follows:

> We need not decide, however, whether Pineda-Moreno's vehicle was parked within the curtilage of his home. Even assuming it was, it was parked in his driveway, which "is only a semi-private area." *United States v. Magana*, 512 F.2d 1169, 1171 (9th Cir.1975). "In order to establish a reasonable expectation of privacy in [his] driveway, [Pineda-Moreno] must support that expectation by detailing the special features of the driveway itself (i.e. enclosures, barriers, lack of visibility from the street) or the nature of activities performed upon it." *Maisano v. Welcher*, 940 F.2d 499, 503 (9th Cir.1991). Pineda-Moreno offers no such evidence. To the contrary, the driveway had no gate, no "No Trespassing" signs, and no features to prevent someone standing in the street from seeing the entire driveway. Additionally, one of the investigating agents testified that "an individual going up to the house to deliver the newspaper or to visit someone would have to go through the driveway to get to the house." If a neighborhood child had walked up Pineda-Moreno's driveway and crawled under his Jeep to retrieve a lost ball or runaway cat, Pineda-Moreno would have no grounds to complain. Thus, because Pineda-Moreno did not take steps to exclude passersby from his driveway, he cannot claim a reasonable expectation of privacy in it, regardless of whether a portion of it was located within the curtilage of his home.

*Id*. Therefore, the Court finds that theses two cases were, at the relevant time, binding precedent as to whether an unimpeded driveway or similar area is considered curtilage.[1]

---

[1] *See also United States v. Pineda-Moreno*, 688 F.3d 1087, 1090 (9th Cir. 2012) (Our circuit precedent may also have permitted the agents to walk onto Pineda–Moreno's driveway to attach the devices to his Jeep. As of 2007 we had held that, "to establish a reasonable expectation of privacy in [one's] driveway"—and thus to obtain Fourth Amendment protection for it—one "must support that expectation by detailing the special features of the driveway itself (i.e. enclosures, barriers, lack of visibility from the street) or the nature of activities performed upon it." *Maisano v. Welcher*, 940 F.2d 499, 503 (9th Cir.1991); *see also United States v. Magana*, 512 F.2d 1169, 1171 (9th Cir. 1975) ("A driveway is only a semiprivate area."). Pineda-Moreno's driveway was visible from the street, had no fence or gate, and did not have "No Trespassing" signs on or near it.

ORDER - 5

1 | In this case, the Court concludes that the searches conducted by the police officers were within the parameters of the binding precedent at the time of the searches.  Under *Davis*, the evidence obtained from these searches is not subject to the exclusionary rule.

### III. ORDER

Therefore, it is hereby **ORDERED** that Nguyen's motion for reconsideration of the Court denial of his motion to suppress (Dkt. 221) is **DENIED**.

Dated this 30th day of April, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge